19-4316-cr
United States v. Borden

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2020

(Argued: June 1, 2021          Decided: October 26, 2021)

Docket No. 19-4316-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

DERRICK BORDEN,

*Defendant-Appellant.*

_____

Before:

POOLER, LOHIER, *Circuit Judges*, and KAPLAN, *District Judge*.*

Derrick Borden pleaded guilty pursuant to a plea agreement to conspiring to commit a Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  Although an appeal waiver provision in the agreement barred Borden from challenging his conviction or sentence, the Government consented to his request to vacate the § 924(c) conviction as unconstitutional in light of United States v. Davis, 139 S. Ct. 2319 (2019).  The United States District Court for the Eastern District of New York (Matsumoto, J.) vacated Borden's § 924(c) conviction and resentenced him on the remaining Hobbs Act robbery conspiracy count.  On appeal, Borden challenges

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

his new sentence and argues that the Government cannot selectively enforce the appeal waiver provision. We hold that the Government can invoke the appeal waiver despite having earlier consented to Borden's habeas petition. We therefore **DISMISS** the appeal.

BRUCE R. BRYAN, Manlius, NY, *for Defendant-Appellant*.

OREN GLEICH, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Breon S. Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

LOHIER, *Circuit Judge*:

In this appeal we consider whether the Government broadly surrenders its right to enforce an appellate waiver provision in a plea agreement when it consents to a federal habeas proceeding that is otherwise barred by the provision. Derrick Borden, the appellant here, waived his right to appeal or otherwise challenge his convictions or sentence. Despite Borden's waiver, the Government agreed to let the District Court vacate Borden's conviction under 18 U.S.C. § 924(c) based on the Supreme Court's intervening decision in United States v. Davis, 139 S. Ct. 2319 (2019), and to be resentenced on his remaining count of conviction. Borden asks us to review his new sentence, while the Government maintains that the appellate waiver provision still prevents us from

reviewing Borden's challenge. We hold that under the circumstances of this case the appellate waiver provision remains enforceable. The appeal is DISMISSED.

**BACKGROUND**

The following facts are largely undisputed on appeal. In 2009 Derrick Borden and his codefendants took part in a conspiracy to rob a marijuana dealer at home. During the robbery, one of the conspirators brandished a shotgun at a witness. Borden pleaded guilty before Judge Wexler of the United States District Court for the Eastern District of New York to a two-count Information charging conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and the use and carrying of a firearm, in violation of 18 U.S.C. § 924(c). Borden's guilty plea was entered pursuant to a plea agreement that contained the following language:

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

Gov't App'x 5–6. At the plea hearing, the District Court confirmed that Borden understood and agreed to the terms of the appellate waiver.

3

In December 2015 the District Court sentenced Borden to consecutive terms of 60 months of imprisonment on the Hobbs Act count and 24 months of imprisonment on the firearm count, for a total sentence of 84 months' imprisonment, to be followed by a 5-year term of supervised release.  Borden did not appeal that sentence, but he later sought to vacate the firearm count pursuant to § 2255.

In June 2019 the Supreme Court issued its decision in <u>Davis</u>, which held that the residual clause of 18 U.S.C. § 924(c)—one of Borden's counts of conviction—is unconstitutionally vague.  139 S. Ct. at 2336.  A month later the Government consented to the vacatur of Borden's § 924(c) conviction and requested that the District Court resentence him.  Specifically, the Government made the following statement that is at the heart of this appeal:

> The Government respectfully submits this letter in response to the defendant's motion to vacate his conviction under 18 U.S.C. § 924(c) in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2251 (2015) . . . .  As set forth more fully below, in light of the Supreme Court's decision in <u>United States v. Davis</u>, No. 18-431, 2019 WL 2570623 (2019), the government consents to vacatur of the defendant's § 924(c) conviction and requests that the case be remanded for a full resentencing.
>
> . . . .
>
> <u>Davis</u> appears to have abrogated the Second Circuit's holding in <u>Barrett</u> that the conduct-specific approach applies to Section 924(c)'s Residual Clause and implicitly appears to have abrogated its alternative

4

holding that, under a categorical approach, a conspiracy to commit a crime of violence is itself a crime of violence under the Residual Clause. In light of this ruling, the government consents to defendant's request that his conviction on Count Two be vacated. The government notes that the defendant's motion may be procedurally barred by, among other things, the appellate waiver in the defendant's cooperation agreement. <u>However, in light of the particular circumstances of this case, . . . the government is not seeking to enforce that waiver and consents to the defendant's motion</u>.

. . . .

The government consents to the defendant's motion to vacate his conviction on Count Two and respectfully requests that the case be remanded for a full resentencing on Count One. <u>See</u> <u>United States v. Powers</u>, 842 F.3d 177, 179 (2d Cir. 2016) (explaining that remedy for conviction error is remanding for de novo resentencing).

Appellant's App'x 37–39 (emphasis added). Judge Matsumoto, to whom the matter was reassigned, thereafter vacated Borden's § 924(c) conviction and, in December 2019, resentenced him on the only remaining count of conspiracy to commit Hobbs Act robbery.

At the resentencing, the District Court calculated the revised applicable Guidelines range to be 151 to 188 months' imprisonment, which was much higher than Borden's original 84-month sentence. As relevant to this appeal, the revised Guidelines range reflected the District Court's conclusion, over Borden's objection, that conspiracy to commit Hobbs Act robbery counts as a crime of

5

violence under § 4B1.2(a) of the Guidelines, thus triggering the career offender enhancement contained in Guidelines § 4B1.1(b).

But the District Court asserted that the career offender designation would not "make[] a material difference in the sentence" it would impose.  Instead, the District Court considered Borden's good behavior in prison, including the fact that he had completed several classes and programs, the significant family support he enjoyed, as well as an offer of steady employment that, the District Court said, would "go a long way toward relieving the stress of insufficient funds and [would] convince Mr. Borden that he has good prospects for a law-abiding life."  Appellant's App'x 84–86.

The District Court then sentenced Borden to 60 months' imprisonment on the Hobbs Act count (the same term that the original sentencing judge had previously imposed on that count) to be followed by three years of supervised release.  Finally, the District Court informed Borden that he had the right to

appeal his sentence. Borden, who by that time had served more than 63 months in prison, was released from prison that day.

**DISCUSSION**

Borden challenges his designation as a career offender and seeks a remand to reduce his term of supervised release. See United States v. Chestnut, 989 F.3d 222, 224–25 (2d Cir. 2021) (explaining that in many cases, "an appeal challenging a criminal sentence will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision"). The valid appeal waiver in this case requires that we dismiss his appeal rather than address his challenge.

"Waivers of the right to appeal a sentence are presumptively enforceable," United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010), and the exceptions to this rule "occupy a very circumscribed area of our jurisprudence," United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). We have not decided, however, whether the Government "is entitled to partial enforcement of an appeal waiver." United States v. Ojeda, 946 F.3d 622, 629 (2d Cir. 2020). Here, for example, the Government previously consented to Borden's request to vacate the § 924(c) conviction notwithstanding the existence of a valid appeal waiver that

7

purported to foreclose his request. We now hold that "partial enforcement" or "partial invocation" of a plea agreement's waiver provision is permitted under limited circumstances, including those present in this case, as set forth below.

To start, consenting to permit Borden to move to vacate his § 924(c) conviction was in Borden's interest, in the interest of judicial economy,[1] and in the interests of justice; there was no dispute that the conviction was constitutionally infirm. Under those circumstances, we see no reason to discourage the Government from consenting to the correction of a constitutional error by offering limited relief from an appeal waiver (or waiver of other post-conviction relief) that benefits the defendant.

Second, as is the case here, the issue the Government permits the defendant to pursue and the issue as to which it seeks to invoke the appeal waiver provision must not be closely linked. This is the limitation imposed by Ojeda, in which we refused to permit the Government to partially invoke an appeal waiver where there was a "close relationship between the issues raised on appeal, both of which implicate[d] the district court's responsibility to consider

---

[1] The Government could have sought to enforce the waiver provision and block the resentencing. This would likely have fueled more litigation about the appeal waiver. Although Borden himself has appealed his new sentence, in many cases a defendant who obtains relief at resentencing may be satisfied with the result.

the full impact of [the] related state sentences on his effective term of imprisonment, and neither of which requires de novo resentencing." 946 F.3d at 630. We held that where the Government had consented to a limited remand on one sentencing issue that was closely linked to another for which it sought to invoke the appeal waiver, it was appropriate to remand both issues rather than permit partial invocation of the waiver.[2] See id. at 629–30.

Borden contends that our holding in Ojeda broadly prevents the Government from "selectively enforc[ing]" his appeal waiver. But this case is clearly distinguishable from Ojeda. Here the two issues are not "undoubtedly interrelated." Id. at 629. To the contrary, Borden's § 2255 motion relating to whether his § 924(c) conviction should be vacated after Davis, and this appeal relating to whether Hobbs Act robbery is a crime of violence triggering the career offender sentencing enhancement, raise significantly different issues. See Beckles v. United States, 137 S. Ct. 886, 890–92 (2017) (holding that advisory Guidelines are not subject to vagueness challenges under the Due Process Clause and distinguishing guidelines from statutes fixing permissible sentences). Moreover,

---

[2] In addition to the close relationship of the issues, we noted "the government's consent to a limited remand" and our "traditional discretion to control the scope of our mandate in sentencing cases." Ojeda, 946 F.3d at 630.

the issues were raised at entirely separate stages in Borden's criminal proceedings; indeed, Borden's § 924(c) conviction was vacated by the District Court well before the career offender issue could even have arisen at resentencing.

Third, here the Government seeks to dismiss all of Borden's challenges on appeal, while the Government in Ojeda sought to parse related challenges, inviting us to dismiss some but not other challenges. Although we do not require that the Government seek to dismiss the entire appeal under these circumstances, see, e.g., United States v. Ortega-Hernandez, 804 F.3d 447, 451–52 (D.C. Cir. 2015) (remanding to correct a mistakenly imposed sex-offender registration condition while applying appeal waiver to dismiss the remainder of appeal), the fact that the Government has done so here further distinguishes this case from Ojeda.

Setting aside Ojeda, Borden maintains that the Government's letter to the District Court asserting that it would not seek to enforce certain of its rights under the appellate waiver "broadly relinquished" its right to enforce any part of the waiver provision. Appellant's App'x 38. We do not share Borden's reading of the letter, which was submitted in response to Borden's motion for vacatur of

10

his § 924(c) conviction and for resentencing. The letter explains that the Government "consents to vacatur of the defendant's § 924(c) conviction and requests that the case be remanded for a full resentencing." Appellant's App'x 37. The letter then asserts that "[i]n light of [Davis], the government consents to defendant's request that his conviction on [the firearm count] be vacated . . . [and] is not seeking to enforce [the appellate] waiver and consents to the defendant's motion." Appellant's App'x 38. And it concludes as follows: "The government consents to the defendant's motion to vacate his conviction on [the firearm count] and respectfully requests that the case be remanded for a full resentencing on [the conviction for conspiracy to commit Hobbs Act robbery]." Appellant's App'x 39. In our view, neither the text nor the context of the Government's letter indicates an intent to "broadly relinquish" any of its rights under the plea agreement. In addition, Borden does not appear to have relied on the Government's letter to his detriment. To the contrary, the letter permitted Borden to obtain precisely the relief he sought. And although we "construe plea agreements strictly against the Government," United States v. Lutchman, 910 F.3d 33, 37 (2d Cir. 2018) (quotation marks omitted), that standard does not

11

necessarily extend to a letter that is not a separate plea agreement upon which the defendant relied in waiving any rights.

Finally, Borden points to the Government's failure to object to the District Court's statement that he had the right to appeal his sentence to argue that it broadly "relinquish[ed]" its rights under the waiver provision. Borden's suggestion that the District Court's statement disabled an otherwise enforceable appeal waiver is foreclosed by our precedent. "If enforceable when entered, [a] waiver does not lose its effectiveness because the district judge gives the defendant post-sentence advice inconsistent with the waiver. No justifiable reliance has been placed on such advice." United States v. Fisher, 232 F.3d 301, 304–05 (2d Cir. 2000).

## CONCLUSION

We have considered Borden's remaining arguments with respect to the appeal waiver and conclude they are without merit. For the foregoing reasons, the appeal is DISMISSED.