*United States v. Crews*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> MYRNA PÉREZ,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                  No. 20-3820

JOHN CREWS, JR.,

> *Defendant-Appellant.*[*]

———————————————————————————

———————————————

[*] The Clerk of Court is respectfully directed to amend the caption as reflected above.

| | |
|---|---|
| **For Appellant:** | INES MCGILLION, Ines McGillion Law Offices, PLLC, Putney, VT. |
| **For Appellee:** | BENJAMIN D. KLEIN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED.**

John Crews, Jr., appeals from a judgment of conviction following his resentencing after a guilty plea to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. On appeal, Crews argues that the district court wrongly concluded that the robbery conspiracy constituted a crime of violence under Section 4B1.1 of the U.S. Sentencing Guidelines (the "Career Offender Guideline"); he also contends that the district court miscalculated his Criminal History Category. The government moves to dismiss the appeal based on the appellate waiver in the parties' plea agreement.

The background and procedural history of this case, which are relevant to this appeal, are as follows. On September 21, 2015, Crews pleaded guilty to one

count of conspiracy to commit Hobbs Act robbery, and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Crews to 204 months' imprisonment – well below the sentencing range of 262 to 327 months' imprisonment that Crews had stipulated to in his plea agreement (the "Stipulated Guidelines Range"). Notwithstanding the appellate waiver, Crews appealed. This Court then held the appeal in abeyance pending the Supreme Court's resolution of several cases concerning the constitutionality of section 924(c) and whether Hobbs Act conspiracy could serve as a predicate crime of violence for a section 924(c) offense. Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), this Circuit held that section 924(c) convictions predicated on conspiracy to commit Hobbs Act robbery were constitutionally infirm, *see United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019), prompting the government and Crews to jointly move this Court to vacate Crews's section 924(c) conviction and remand for resentencing on his section 1951 conviction. On remand, the district court sentenced Crews to 168 months' imprisonment, well below the sentencing range of 262 to 327 months' imprisonment stipulated to in the plea agreement. Crews again appealed.

3

The government now argues that the appeal waiver contained in the plea agreement is still valid and enforceable, notwithstanding the dismissal of the section 924(c) count. According to that waiver, Crews agreed that he would "not file a direct appeal [from,] nor bring a collateral challenge [to,] . . . any sentence within or below the Stipulated Guidelines Range." App'x at 87. We have consistently held that "[w]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021) (quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)). Nevertheless, this presumption can be defeated

> (1) where the "waiver was not made knowingly, voluntarily, and competently;" (2) where the sentence was "based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases;" (3) where the government breached the agreement containing the waiver; and (4) where the district court "failed to enunciate any rationale for the defendant's sentence."

*United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)).

Crews argues in response that the government effectively waived enforcement of the appellate waiver provision by declining to invoke it when Crews filed his first appeal challenging his section 924(c) conviction; he therefore

maintains that the government is prohibited from selectively enforcing the appellate waiver in the instant appeal. Although not illogical, this argument has already been considered and rejected by this Court. In *Borden*, the defendant – like Crews – pleaded guilty to conspiracy to commit Hobbs Act robbery and the use and carrying of a firearm in furtherance of that offense, in violation of section 924(c). 16 F.4th at 353. After the district court sentenced the defendant, the Supreme Court decided *Davis*, and the defendant then sought vacatur of the section 924(c) conviction pursuant to 28 U.S.C. § 2255, despite the fact that his plea agreement contained a waiver prohibiting appeals or collateral challenges. *Id.* There, as here, the government consented to vacatur of the defendant's section 924(c) conviction, and following resentencing on the Hobbs Act count, the defendant again appealed. *Id.* at 353–54. The Court dismissed the appeal, holding "that under the circumstances of this case the appellate waiver provision remains enforceable." *Id.* at 353.

As in *Borden*, the government's decision to jointly move with Crews to vacate his section 924(c) conviction was in Crews's personal interest. *Id.* at 355. Likewise, it furthered the interests of judicial economy and justice, because any attempt to enforce the appellate waiver at that time "would likely have fueled more litigation about the appeal waiver," *id.* at 355 n.1, even though the parties

5

agreed that Crews's section 924(c) "conviction was constitutionally infirm" after *Barrett*, *id.* at 355. In addition, the parties' joint motion to vacate Crews's section 924(c) conviction did not raise an issue that is closely linked to the issues that he raises in this appeal. *See id.* As we noted in *Borden*, the question of whether Hobbs Act robbery qualifies as a crime of violence under the Career Offender Guideline is not closely linked to the vacatur of a section 924(c) conviction. *Id.* Crews's second argument on appeal – that the district court improperly considered his prior New York state court youthful-offender adjudication in calculating his Criminal History Category – is, if anything, even less closely related to the vacatur of the section 924(c) count, *cf. United States v. Ojeda*, 946 F.3d 622, 629–30 (2d Cir. 2020), since analyzing the former requires interpreting the meaning of "conviction" under Sections 4A1.1 and 4A1.2 of the Sentencing Guidelines, while analyzing the latter involves determining whether the range of offense conduct captured by the Hobbs Act robbery statute is too broad to qualify as a predicate crime of violence under section 924(c). Finally, the fact that the government "seeks to dismiss all of [Crews's] challenges on appeal" instead of "pars[ing] related challenges" further counsels in favor of partially enforcing the appellate waiver. *Borden*, 16 F.4th at 356.[1]

---

[1] At oral argument, the parties disputed whether, in a case where the government seeks *partial*

Crews nevertheless argues that the Supreme Court's decision in *Davis* was unforeseeable, making his appellate waiver unknowing and involuntary. He also asserts that the government's reliance on different Guidelines at resentencing was akin to a material breach of the plea agreement, which would provide a separate basis for disregarding the appeal waiver. *See Burden*, 860 F.3d at 51 ("[A]n appeal waiver may be deemed unenforceable . . . where the 'waiver was not made knowingly, voluntarily, and competently;' . . . [or] where the government breached the agreement containing the waiver." (quoting *Gomez-Perez*, 215 F.3d at 319)).

But once again, our precedent forecloses Crews's argument that his waiver was not knowing or voluntary. "[A] defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008)).

As for the asserted breach of the plea agreement, it can hardly be argued that the government exceeded "the reasonable understanding and expectations of

---

enforcement of an appeal waiver, it or the defendant bears the burden of showing that the *Borden* factors do or do not apply. We need not reach that question here, as the result would be the same regardless of who bears the burden.

the defendant," *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982), merely by advocating for the application of a Guidelines enhancement that was previously inapplicable only because of Crews's plea to the now-vacated section 924(c) count. *See* U.S. Sent'g Guidelines Manual § 2k2.4, Application Note 4 (U.S. Sent'g Comm'n 2021) ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the possession, brandishing, use, or discharge of a[] . . . firearm when determining the sentence for the underlying offense.").

Furthermore, that Crews pleaded guilty to a section 924(c) firearm offense in the plea agreement demonstrates that he had a "reasonable understanding and expectation[]" that "the sentence for which he had bargained" included his use of a firearm. *United States v. Wilson*, 920 F.3d 155, 158 (2d Cir. 2019) (quoting *Paradiso*, 689 F.2d at 31). Thus, Probation's inclusion of the firearm enhancement at resentencing simply captured the firearm use that the plea agreement had clearly contemplated. *See, e.g.*, App'x at 81, 83. And in turn, the government's support of Probation's recalculation of Crews's Guidelines Range accords with the plea agreement's provision allowing the parties to "make all appropriate arguments" when Probation calculates a Guidelines range different than the stipulated range. App'x at 86. That is particularly true given that the government itself sought a

sentence of 204 months' imprisonment at resentencing, well below the Stipulated Guidelines Range.

For all these reasons, we conclude that the government's support of the specific firearm enhancements did not constitute a breach of the agreement.[2]

We have considered the other arguments Crews raises challenging enforcement of the appellate waiver and find them to be without merit. We conclude that Crews's appellate waiver should be enforced in this appeal, and therefore do not consider the other arguments that he now raises.

Accordingly, we **DISMISS** this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] "In general, the remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement." *Wilson*, 920 F.3d at 168 (quoting *United States v. Vaval*, 404 F.3d 144, 154 (2d Cir. 2005)). Crews has not indicated that he wants to withdraw his plea, nor does he seek to be resentenced because of the government's alleged breach. Instead, Crews would have us find the government breached its commitment, but merely excise a single provision, the appellate waiver, from the plea agreement as a result of this breach. We need not reach whether we can fashion such a remedy since we have determined that the government did not breach the plea agreement in the first place.

9