21-2358-cr
*United States v. Tyquan Hilliard*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-two.

Present:

>  REENA RAGGI,
>  RICHARD C. WESLEY
>  WILLIAM J. NARDINI,
>  *Circuit Judges*.

---

UNITED STATES OF AMERICA,
>  *Appellee*,
>  v.

TAWANNA HILLIARD                                    21-2358-cr
>  *Defendant*

TYQUAN HILLIARD
>  *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | NICHOLAS J. MOSCOW, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | JEREMIAH DONOVAN, Old Saybrook, CT. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*), entered on September 15, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Tyquan Hilliard pleaded guilty to conspiracy to tamper with witnesses in violation of 18 U.S.C. § 1512(k). In the plea agreement, which estimated a Sentencing Guidelines range of 46 to 57 months, Hilliard waived his right to appeal any sentence of 63 months or below "without regard to the sentencing analysis used by the" district court. App'x 28. The Presentence Investigation Report (PSR) calculated Hilliard's Guidelines range at 57 to 71 months after including an enhancement under U.S.S.G. § 1B1.2(d) for engaging in a conspiracy with two criminal objectives—tampering with two witnesses. The district court adopted the PSR's recommendations and sentenced Hilliard to 63 months. Hilliard now appeals his sentence, and the Government moves to dismiss based on the appeal waiver. We assume the parties' familiarity with the case.

\* \* \*

A waiver of the right to appeal a sentence is "presumptively enforceable," subject to four "very circumscribed" exceptions, *United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021) (quotation marks omitted): (1) if the waiver was not made "knowingly, voluntarily, and competently"; (2) if the sentence was "based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases"; (3) if the "government breached the agreement containing the waiver"; and (4) if the "district court 'failed to enunciate any rationale for the defendant's sentence,'" *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)).

2

Hilliard attempts to bring himself within the first exception, arguing that a mutual mistake over the Guidelines calculation invalidated his appeal waiver. Plea agreements, he notes, are construed "according to contract law principles," *United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018) (quotation marks omitted), and mutual mistake may furnish a basis for rescinding or reforming a contract under New York law, *Symphony Space, Inc. v. Pergola Props., Inc.*, 88 N.Y.2d 466, 484 (1996); *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 573 (1986). To qualify for such relief, the mistake must go to the "foundation" of the agreement, 22 N.Y. Jur. 2d Contracts § 116, such that it prevents the contract from representing the meeting of the minds "in some material respect." *Gould v. Bd. of Educ. of Sewanhaka Cent. High Sch. Dist.*, 81 N.Y.2d 446, 453 (1993).

A mutual mistake over the Guidelines range is, however, "an insufficient basis to void a plea agreement," when, as here, the plea agreement contains "express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations." *United States v. Riggi*, 649 F.3d 143, 149 (2d Cir. 2011) (quoting *United States v. Rosen*, 409 F.3d 535, 548–49 (2d Cir. 2005)).

Hilliard attempts to distinguish *Riggi* and *Rosen* by arguing that he invokes mutual mistake as a basis for reforming, rather than invalidating, the plea agreement. We are not persuaded. Were the Court to adopt Hilliard's position, a defendant would always be able to evade an appeal waiver by arguing that he was seeking not to void the entire agreement, but only to reform aspects to which he objected. Hilliard cites no authority to support such a result. Allowing Hilliard's appeal would, moreover, upset the deal Hilliard struck with the Government rather than restore the parties' mutual expectations. Hilliard would be able to wipe away a significant concession on his part while keeping all the benefits of the bargain. A mutual mistake in making a non-controlling

3

Guidelines estimate cannot invalidate an entire plea agreement, so *a fortiori* it cannot allow the inequitable relief Hilliard seeks. *See Riggi*, 649 F.3d at 149.

In any event, there was no mutual mistake in Hilliard's plea agreement. The agreement described its Guidelines calculation as an "estimate" and included an express representation that the appeal waiver would be valid "without regard" to the district court's sentencing analysis insofar as the sentence imposed did not exceed 63 months. App'x 28. In these circumstances, Hilliard cannot demonstrate a mistake going to the "foundation" of the agreement. 22 N.Y. Jur. 2d Contracts § 116.

\*     \*     \*

Because the appeal waiver is enforceable, Hilliard's appeal is **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4