22-1490-cr
United States v. Johnson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

PRESENT:  REENA RAGGI,
                 RICHARD C. WESLEY,
                 RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

         *Appellee*,

     v.                                     No. 22-1490-cr

JAMES JOHNSON, AKA JIMMY,

         *Defendant-Appellant*.*

---------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                    James M. Branden, Law Office
                                 of James M. Branden, Staten
                                 Island, NY

FOR APPELLEE:                     Ryan W. Allison, Olga I.
                                 Zverovich, Assistant United
                                 States Attorneys, *for* Damian
                                 Williams, United States
                                 Attorney for the Southern
                                 District of New York, New
                                 York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Defendant James Johnson, who stands convicted, upon a plea of guilty, of conspiracy to violate the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(d), appeals from an amended judgment entered on July 5, 2022, in the United States District Court for the Southern District of New York (Seibel, *J.*) resentencing him principally to 176 months' imprisonment.

Johnson pleaded guilty in 2016 to the RICO conspiracy charge ("Count One") and an additional count of violating 18 U.S.C. § 924(c)(1)(A)(ii) by

2

brandishing a firearm during and in relation to a crime of violence, *i.e.*, the RICO

conspiracy ("Count Two").[1]  The District Court originally sentenced Johnson in

August 2016 to 110 months' imprisonment on Count One and an 84-month

consecutive sentence on Count Two, for an aggregate sentence of 194 months'

imprisonment.  The District Court also ordered Johnson to forfeit $5,000.  In

2018 Johnson moved pursuant to 28 U.S.C. § 2255 to vacate his conviction for

Count Two.  The District Court denied the motion.  Johnson appealed to this

Court, and following the Supreme Court's decision in *United States v. Davis*, 588

U.S. 445 (2019), and this Court's decision in *United States v. Capers*, 20 F.4th 105

(2d Cir. 2021), we vacated the District Court's denial of his § 2255 motion and

remanded for the District Court to vacate Johnson's conviction for Count Two

because RICO conspiracy could not categorically satisfy the violent crime

predicate of § 924(c)(1)(A)(ii), and to resentence him.  *See Johnson v. United States*,

No. 18-3755, 2022 WL 1179421, at *1 (2d Cir. Apr. 21, 2022).  On remand,

---

[1] The alleged racketeering enterprise was a violent street gang.  Johnson was charged with various violent substantive crimes resulting from his membership in this gang, including attempted murder when he allegedly shot a rival gang member in the back, leaving him paralyzed, *see* 18 U.S.C. § 1959(a)(5), and serving as an accessory after the fact to murder, when he allegedly hid the firearm a fellow gang member used to kill a victim, *see id.* § 3.  The Government agreed to dismiss these and other charges in return for Johnson's guilty plea to the two original counts of conviction.

Johnson was sentenced to 176 months' imprisonment, a reduction of 18 months from his original sentence.

Johnson now challenges the procedural and substantive reasonableness of his sentence as well as the order of forfeiture. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

## I. Appellate Waiver and Reasonableness of Sentence

Johnson's guilty plea was entered pursuant to an agreement providing for waiver of his right to appeal or collaterally attack "any sentence within or below the Stipulated Guidelines Range of 181 to 205 months of imprisonment, with a mandatory minimum of 84 months of imprisonment." App'x 47. We first consider whether the appellate waiver precludes Johnson from pursuing the instant legal challenges to his sentence, keeping in mind that "[w]aivers of the right to appeal a sentence are presumptively enforceable, and the exceptions to this rule occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021) (cleaned up).

Johnson's plea agreement stipulated that the Guidelines range at sentencing was 97 to 121 months of imprisonment on Count One, plus the

4

consecutive mandatory minimum of 84 months of imprisonment on Count Two. App'x 46. Johnson argues that the structure of these stipulations demonstrates that the "original intent of the parties was that [he] be permitted to challenge on appeal any above-Guidelines sentence." Appellant's Br. 8. He claims that following the vacatur of his conviction on Count Two and given the Guidelines range at resentencing of 121 to 151 months of imprisonment on Count One, his new 176-month sentence represents an above-Guidelines sentence for Count One, and that "fairness and due process" in any event entitle him to an appeal. *Id.*

We are not persuaded. Johnson's appeal waiver bars an appeal of any term of imprisonment "within or below the Stipulated Guidelines Range of 181 to 205 months of imprisonment," without qualification. App'x 47. The 176-month sentence imposed by the District Court clearly falls below *that* range. The applicability of the appeal waiver does not, as Johnson contends, depend on whether the sentence exceeds the particular Guidelines range calculated by the District Court at sentencing. Indeed, the plea agreement contemplates the possibility that the District Court may not adopt the stipulated Guidelines range at sentencing, stating that "neither the Probation Office nor the Court is bound

5

by the above Guidelines stipulation." *Id.* While a "valid and enforceable appeal waiver only precludes challenges that fall within its scope," *United States v. Reyes-Arzate*, 91 F.4th 616, 622 (2d Cir. 2024) (cleaned up), the waiver's reference to the minimum term of imprisonment on the now-vacated Count Two does not exclude the new sentence from the scope of the waiver.

To the extent that Johnson argues that he may challenge his sentence on appeal because the parties did not anticipate that the applicable Guidelines range at his resentencing would diverge from the applicable range at his initial sentencing, we reject this argument because "a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (cleaned up); *see United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005). Indeed, we have held similar waivers effective to bar appeals even when the parties' expectations of the applicable sentencing range diverged significantly from the reality at sentencing. *See, e.g.*, *United States v. Riggi*, 649 F.3d 143, 145, 149 (2d Cir. 2011) (concluding that an appeal waiver was enforceable despite "a mutual mistake concerning the proper Guidelines range").

Johnson also argues that the waiver is unenforceable here because the

Government declined to invoke it to bar his § 2255 habeas motion. This argument is foreclosed by our decision in *Borden*, where we allowed the Government's partial enforcement of a waiver to permit a collateral attack on a § 924(c) count of conviction while barring the appeal of a resentencing on the remaining Hobbs Act robbery conspiracy count. *See Borden*, 16 F.4th at 355. Here, as in *Borden*, the Government's decision to allow Johnson to seek vacatur of his § 924(c) conviction "was in [Johnson's] interest, in the interest of judicial economy," and "in the interests of justice," and Johnson's appeal of his sentence raises "significantly different issues" than those raised in his § 2255 proceeding. *Id.*

We accordingly conclude that Johnson's appellate waiver bars his challenges to the procedural and substantive reasonableness of his sentence, and we dismiss that part of his appeal.

## II. Forfeiture Order

Johnson next challenges the $5,000 forfeiture order. A district court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim. P. 32.2(b)(4)(B). Johnson asserts that the District Court failed to announce the

$5,000 forfeiture when it resentenced him.

We reject Johnson's challenge. First, Johnson "cannot credibly argue that he lacked notice" of the $5,000 forfeiture at resentencing. *See United States v. Fuller*, 801 F. App'x 14, 18 (2d Cir. 2020); *cf. United States v. Spirito*, 36 F.4th 191, 212–14 (4th Cir. 2022). The forfeiture was included in his plea agreement, admitted at his change of plea hearing, announced by the District Court at Johnson's first sentencing, and included in the original written judgment entered in September 2016. The District Court also took additional steps to notify Johnson of the forfeiture at resentencing. After it announced Johnson's new term of imprisonment, for example, the District Court stated that "otherwise, the remainder of the sentence is going to be the same." App'x 153. Given the record of prior proceedings and the District Court's remarks at resentencing, we conclude that the District Court "ensure[d] that [Johnson] kn[ew] of the forfeiture" under the circumstances of this case. Fed. R. Crim. P. 32.2(b)(4)(B).

## CONCLUSION

We have considered Johnson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District

8

Court is AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court