24-857-cr
United States v. Pergola

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges.*

-----------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee,*

v.                                                     No. 24-857-cr

ANTHONY PERGOLA,

*Defendant-Appellant,*

BENNY JOE WRIGHT, AKA
SCRAPPY, DENNIS LYNN EDDY,
AKA THREE STEP,

*Defendants.*

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Nicholas J. Pinto, New York, NY

FOR APPELLEE: Anthony Bagnuola, Charles N. Rose, Assistant United States Attorneys, *for* John J. Durham, Interim United States Attorney for the Eastern District of New York, Central Islip, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED in part, and the appeal is otherwise DISMISSED.

Anthony Pergola, who stands convicted of one count of conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. § 1951(a), appeals his 84-month prison sentence and judgment of conviction entered in the United States District Court for the Eastern District of New York (Brown, *J.*). Pergola submits that this appeal is not foreclosed by his plea agreement, in which he waived his right to "appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the [District] Court impose[d] a term of imprisonment of 97 months or below." App'x 18. We

2

assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I.   Sentencing Error

Pergola first challenges his sentence as procedurally and substantively unreasonable because the District Court (1) included a "dangerous weapon" enhancement under § 2B3.2(b)(3)(A)(v) of the Sentencing Guidelines, and (2) failed to consider certain mitigating factors at sentencing.  The question is whether Pergola's plea agreement waiver of the right to appeal his sentence forecloses the challenge.  "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021) (quotation marks omitted).  We will decline to enforce otherwise-valid appeal waivers "only in very limited situations," *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), such as when a district court's sentencing decision "was reached in a manner that the plea agreement did not anticipate," *United States v. Liriano-Blanco*, 510 F.3d 168, 174 (2d Cir. 2007), or when the court "failed to enunciate any rationale for the defendant's sentence, thus amounting to an

3

abdication of judicial responsibility," *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (cleaned up).

Pergola insists that his appeal waiver is unenforceable because the District Court incorrectly calculated his Guidelines Range. We disagree: the "waiver of his right to challenge his sentence plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of [his] sentence." *Arevalo*, 628 F.3d at 97 (cleaned up); *see Gomez-Perez*, 215 F.3d at 319. Nor is this a limited situation when we might decline to enforce the waiver. The District Court provided several valid reasons for imposing its sentence, and it also considered Pergola's arguments in mitigation of sentence. For these reasons, we dismiss the appeal insofar as it challenges Pergola's sentence. *See United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020).

## II.     Factual Basis for Guilty Plea

Pergola also challenges his underlying conviction, contending that the District Court erred in accepting his plea because his conduct was not criminal under the Hobbs Act. Pergola's appeal waiver does not bar us from considering this challenge because "[a] lack of a factual basis for a plea" is a defect "so fundamental as to cast serious doubt on the voluntariness of the plea." *United*

4

*States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009) (quotation marks omitted).  A

defendant thus retains the right to raise such an argument on appeal "despite a[n

appeal waiver] provision in the plea agreement."  *United States v. Adams*, 448 F.3d

492, 497 (2d Cir. 2006).

Because Pergola raises this challenge for the first time on appeal, however,

we review the District Court's acceptance of Pergola's guilty plea for plain error.

*See United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013).  Pergola's core claim is

that the $1.85 million civil judgment against him does not qualify as "property"

within the meaning of the Act.[1]  We reject the claim.  A civil judgment is

"something of value . . . that can be exercised, transferred, or sold."  *Sekhar v.*

*United States*, 570 U.S. 729, 736 (2013); *see Scheidler v. Nat'l Org. for Women, Inc.*,

537 U.S. 393, 405 (2003).  Had Pergola's Hobbs Act extortion scheme succeeded,

his victims would have relinquished a sum of money in the amount of the

judgment, the value of which would have accrued directly to Pergola in the form

---

[1] The Hobbs Act subjects a person to criminal liability if he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do."  *Sekhar v. United States*, 570 U.S. 729, 731 (2013) (quotation marks omitted).  "Extortion" is defined, in pertinent part, as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear."  *Id*. (quotation marks omitted).

of a debt no longer owed.  Because the monetary value of the judgment (and the underlying debt that it represents) appears to qualify as "property" within the meaning of the Hobbs Act, we find no error, let alone plain error, in the District Court's acceptance of Pergola's guilty plea.

We have considered Pergola's arguments and conclude that they are without merit.  For the foregoing reasons, the District Court's judgment of conviction is AFFIRMED, and the appeal is otherwise DISMISSED insofar as it challenges Pergola's sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6