25-1619-cr
*United States v. Greenwood*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
>     *Circuit Judges*.

---------------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              25-1619-cr

SCOTT GREENWOOD,

> *Defendant-Appellant*.*

---------------------------------------------------------

| | |
|---|---|
| For Appellee: | Joshua Rothenberg, Assistant United States Attorney, *for* John A. Sarcone III, First Assistant United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | Matthew G. Jubelt, Attorney & Counselor at Law, PLLC, Cazenovia, NY |

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of the district court is **DISMISSED**.

Defendant-Appellant Scott Greenwood appeals from a judgment of the United States District Court for the Northern District of New York, entered on June 27, 2025, sentencing him to 70 months of imprisonment, followed by 4 years of supervised release.

In late 2022, Greenwood was arrested after an investigation uncovered his role in a drug distribution conspiracy that transported methamphetamine from Mexico and/or California to Syracuse, New York. Drugs were shipped to Greenwood's home, where a coconspirator would retrieve them for distribution to local dealers. Greenwood received at least two packages of drugs between September and October of 2020. In March 2023, pursuant to a plea agreement with the Government, Greenwood pled guilty to conspiring to distribute and possess with intent to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and to distributing and possessing with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). As part of the plea agreement, Greenwood waived his right to appeal a prison sentence of 293 months or less. On June 23, 2025, Greenwood was sentenced to concurrent terms of 70 months of imprisonment on each count.

Around the time Greenwood participated in that conspiracy, he had another run-in with law enforcement. In December 2020, police were dispatched to Greenwood's home to arrest him for violating the conditions of his parole, which had been imposed in an unrelated case. During a search of his person incident to arrest, police found a plastic bag of pills that Greenwood claimed

were Xanax. That discovery led police to search the car in which Greenwood was sitting, from which they seized $883 in cash, a bag containing drug paraphernalia, 18 grams of methamphetamine, 50 grams of cocaine, and several codeine pills. Consequently, Greenwood was convicted in state court of attempted criminal possession of a controlled substance.

In the Presentence Report ("PSR") prepared for his federal case, Greenwood was assigned three criminal history points for that state conviction. In a sentencing memorandum submitted to the district court, Greenwood objected to the PSR's calculation of his criminal history category. He argued that, pursuant to U.S.S.G. § 4A1.2, his New York conviction should have been considered relevant conduct with respect to his federal charges, such that he should not have been assigned criminal history points for that conviction. Without those three criminal history points, Greenwood's criminal history category would have dropped from V to IV and his advisory sentencing range under the United States Sentencing Guidelines would have fallen as well. At sentencing, the court invited defense counsel to present argument on the objections raised in Greenwood's sentencing memorandum. Defense counsel declined, choosing instead to rest on his brief. The court then ruled on all of Greenwood's objections, granting one that reduced his offense level by two points and rejecting all others. Greenwood did not challenge the court's failure to articulate its reasons for denying his remaining objections.

On appeal, Greenwood argues that the district court should have: (1) considered his New York state conviction as conduct relevant to the instant offense and excluded it from its calculation of his criminal history category, and (2) resolved that dispute on the record at sentencing. Greenwood further contends that the court's "material misunderstanding" of his criminal history renders unenforceable the appellate waiver in his plea agreement. Appellant's Br. 28. The Government moves to dismiss Greenwood's appeal based on his appellate waiver.

3

Both of Greenwood's arguments are squarely foreclosed by the appellate waiver contained in his plea agreement. Greenwood's plea agreement contains the following language: "The defendant waives (gives up) any and all rights . . . to appeal and/or to collaterally attack . . . [a]ny sentence to a term of imprisonment of 293 months or less." App'x 24-25. "Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Borden*, 16 F.4th 351, 354 (2d Cir. 2021), [1] and "exceptions to this rule occupy a very circumscribed area of our jurisprudence," such as where (1) "the waiver was not made knowingly, voluntarily, and competently," (2) "the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," (3) "the government breached the plea agreement," or (4) "the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus," *United States v. Thompson*, 143 F.4th 169, 182 (2d Cir. 2025). None of those exceptions apply in this case and Greenwood has not offered any other plausible reason for finding his waiver unenforceable. We therefore conclude that Greenwood's waiver of his right to appeal is enforceable. At the plea colloquy, the district court confirmed that Greenwood was entering his plea knowingly and voluntarily, and that Greenwood understood that his plea agreement contained an appellate waiver. There is no indication that the court imposed Greenwood's sentence based upon constitutionally impermissible factors, such as ethnic or racial bias, or that the government failed to adhere to any of its obligations under the agreement. And at sentencing, the court provided a well-supported explanation for Greenwood's sentence. *See Thompson*, 143 F.4th at 183 (holding that an appeal waiver foreclosed the defendant's challenge to the court's Guidelines calculation). In short,

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Greenwood has not demonstrated any reason why we should not give effect to his waiver of the right to appeal his sentence.

*    *    *

We have considered Greenwood's remaining arguments and find them unpersuasive.  For the foregoing reasons, the appeal from the judgment of the district court is **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk