22-320-cr
*United States v. Reyes-Arzate*

In the
United States Court of Appeals
for the Second Circuit

_____

August Term, 2023

No. 22-320

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

IVAN REYES-ARZATE,

*Defendant-Appellant.*

_____

On Defense Counsel's *Anders* Motion to Be Relieved and
the Government's Motion to Dismiss

(Submitted August 25, 2023; Decided January 30, 2024)

Before: LEE, NATHAN, and MERRIAM, *Circuit Judges.*

Counsel for defendant-appellant Ivan Reyes-Arzate moves to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the government moves to dismiss based on the waiver of appeal in Reyes-Arzate's plea agreement. However, defendant-appellant's counsel fails to address all of the components of Reyes-Arzate's sentence and therefore falls short of the requirements articulated by this Court in *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000).

Specifically, counsel does not discuss the non-imprisonment elements of defendant-appellant's sentence—including forfeiture, the special assessment, and the term and conditions of supervised release—all of which are not unambiguously covered by defendant-appellant's appeal waiver. Thus, we **DEFER** decision on the pending motions and **ORDER** counsel to file a supplemental brief.

_____

> Susan Corkery, Philip Pilmar, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, *for Appellee.*
>
> Robin C. Smith, Law Office of Robin C. Smith, Esq., P.C., *for Defendant-Appellant.*

_____

EUNICE C. LEE, *Circuit Judge*:

Defendant-appellant Ivan Reyes-Arzate appeals from his conviction and sentence after pleading guilty to a drug offense before the United States District Court for the Eastern District of New York (Cogan, *J.*). He was sentenced on February 9, 2022, to 120 months' imprisonment and four years of supervised release, as well as a special assessment and forfeiture. Before Reyes-Arzate filed his appellate brief, the government moved to dismiss the appeal, arguing that Reyes-Arzate had waived his appellate rights in his plea agreement. This Court directed defense counsel to submit a *Gomez-Perez* response, requiring that counsel file either a brief opposing the dismissal, or, if all issues for appeal would be

2

frivolous, an *Anders* brief detailing why the appeal waiver was knowing and voluntary and why no non-frivolous appellate issues exist, and seeking to withdraw as counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Gomez-Perez*, 215 F.3d 315, 319–20 (2d Cir. 2000). In response, defense counsel filed an *Anders* brief, explaining that Reyes-Arzate knowingly and voluntarily entered into his plea agreement, which included a valid waiver of the right to appeal any sentence of 293 months or less. Accordingly, counsel concluded that there was no non-frivolous argument for appealing Reyes-Arzate's sentence because his term of imprisonment was less than the duration of months stipulated in his appeal waiver.

However, like many *Anders* briefs this Court receives, counsel's brief addressed only the *validity* of Reyes-Arzate's appeal waiver and did not discuss—or even mention—the *scope* of the waiver and whether it encompassed the non-imprisonment components of the sentence, such as the term and conditions of his supervised release. Although we have not previously specified in a precedential opinion the extent of counsel's responsibility in an *Anders* brief to discuss the scope of a waiver—or the waiver's potential impact on the elements of a sentence that it does not explicitly cover—we have otherwise made clear that counsel should

address these non-covered components of a sentence.[1]  We now take this opportunity to remind the defense bar—which we appreciate and recognize performs a difficult job—that, when filing *Anders* briefs, they should address *all* aspects of a defendant's conviction and sentence that are not *unambiguously* waived.

It is important for counsel to address these components because the non-imprisonment provisions of a sentence, especially onerous conditions of supervised release, can be severely restrictive and, in many cases, lead to reincarceration if violated.[2]  Additionally, meritorious appeals of supervised

---

[1] This Court publishes detailed instructions regarding *Anders* briefs and requires that counsel analyze whether an appeal waiver unambiguously covers *all* components of a sentence and address any non-frivolous bases for challenging non-covered components. *See How to File an* Anders *Brief*, United States Court of Appeals for the Second Circuit (Oct. 24, 2011), https://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/ Anders_brief/how_to_file_an_anders_brief.html.  Moreover, several panels of this Court have recently reminded defense counsel to brief components of the sentence not covered by the waiver.  *See, e.g.*, Order, *United States v. Clark*, No. 21-1279 (2d Cir. July 5, 2023), ECF No. 104; Order, *United States v. Rodriguez* (*Mullings*), No. 21-1928 (2d Cir. July 24, 2023), ECF No. 75; Order, *United States v. Stuart*, No. 21-2835 (2d Cir. July 5, 2023), ECF No. 62.

[2] In 2010, the U.S. Sentencing Commission found that approximately one-third of federal offenders do not successfully complete their terms of supervised release and are sent back to prison, on average, for an additional eleven months.  U.S. Sent'g Comm'n, *Federal Offenders Sentenced to Supervised Release* 4 (2010).  Moreover, "roughly sixty percent of revocations are for non-criminal conduct. . . . such as failing to report to the probation officer, failing to submit monthly reports, and failing to attend drug or mental health treatment."  Fiona Doherty, *Indeterminate Sentencing Returns: The Invention of Supervised Release*, 88 N.Y.U. L. Rev. 958, 1016 (2013) (internal citation omitted).

4

release conditions are not uncommon because many appeal waivers routinely used in this Circuit do not cover all components of a sentence.[3] For these reasons, the Court's instructions for filing *Anders* briefs expressly require counsel to address "the scope of the defendant's waiver . . . [including] any non-imprisonment components of the sentence . . . and whether any ambiguity in the language of the waiver affects the validity and scope of the waiver." *How to File an Anders Brief*, *supra* note 1. Furthermore, the instructions specify that "counsel's brief must discuss whether there is any non[-]frivolous basis for challenging [the non-covered] components of the sentence." *Id.*

The *Anders* brief in this case, like countless others we see each term, did not address the scope of Reyes-Arzate's appeal waiver or the portions of his sentence

---

[3] Recently, panels of this Court have remanded in several cases in which *Anders* briefs were filed. *See, e.g.*, Order, *United States v. Edwards (Bryant)*, No. 21-1825 (2d Cir. Aug. 4, 2023), ECF No. 77 (denying *Anders* motion and vacating and remanding for the district court to strike a search condition not orally announced at sentencing); Order, *United States v. Gordon (Joseph)*, No. 21-2907 (2d Cir. June 16, 2023), ECF No. 83 (denying *Anders* motion and vacating and remanding for the district court to strike or reimpose a mental health treatment condition not orally announced at sentencing); Order, *United States v. Leyva*, No. 22-202 (2d Cir. Aug. 4, 2023), ECF No. 69 (denying *Anders* motion and vacating and remanding for the district court to clarify ambiguities in the conditions of supervised release and restitution payment schedule); *cf.* Order, *United States v. Caves*, No. 23-6176 (2d Cir. Dec. 5, 2023), ECF No. 33 (granting limited remand for the district court to supplement the record regarding the imposition of special conditions of supervised release, which were outside the scope of the appeal waiver and not addressed in the initial *Anders* brief).

arguably not covered by the waiver, including the term and conditions of supervised release. Thus, we **DEFER** decision on the motions and **ORDER** assigned counsel to file a supplemental brief.

## BACKGROUND

Reyes-Arzate pleaded guilty to conspiracy to distribute cocaine internationally, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii), and 959(d), and entered into a plea agreement in which he agreed, among other things, to waive his right to "file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that [the district court] imposes a term of imprisonment of 293 months or below." App'x 16. The language of the appeal waiver was silent on other components of the potential sentence, including the term and conditions of supervised release, restitution, forfeiture, and any special assessment. Ultimately, the district court sentenced Reyes-Arzate to 120 months' imprisonment and four years' supervised release with the "standard" conditions, as well as one special condition.[4] App'x 72–73. Further, the district court imposed a $100 special assessment and $290,000

---

[4] The district court imposed the following special condition on Reyes-Arzate: "that he does not enter the country illegally again" "if he is removed or deported, as we expect he will be." App'x 66.

6

in forfeiture.

Reyes-Arzate timely appealed, and the Court appointed the current appellate defense counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. Shortly thereafter, but prior to Reyes-Arzate filing an appellate brief, the government moved to dismiss the appeal because Reyes-Arzate's 120-month prison sentence was below the 293-month threshold stipulated in his plea agreement's appeal waiver. The Court then ordered defense counsel to file a *Gomez-Perez* response. *See Gomez-Perez*, 215 F.3d at 319 (holding that in cases where the government files a motion to dismiss a defendant's appeal based on an appeal waiver, defense counsel must either contest the validity of the waiver, or file "a brief similar to that required by *Anders*").

Pursuant to the Court's order, counsel filed an *Anders* brief, asserting a lack of non-frivolous issues on appeal. Reciting the details of the plea proceedings, counsel represented that the plea complied with Federal Rule of Criminal Procedure 11(b), and thus there was no basis to conclude it was not knowing and voluntary. Counsel also concluded that the custodial sentence could not be challenged because the appeal waiver was valid and Reyes-Arzate received an imprisonment term below the waiver's stipulated maximum of 293 months. While noting that Reyes-Arzate was sentenced to a four-year term of supervised

release, counsel made no reference to its conditions or to any other sentencing components, but nevertheless concluded that there were no non-frivolous issues for this Court's review.

## DISCUSSION

### I.   The *Anders* Procedure

The well-established *Anders* procedure governs requests by defense counsel to withdraw from an appeal if, after "conscientious examination" of the record, she determines the appeal "to be wholly frivolous." *Anders*, 386 U.S. at 744. Counsel's motion to be relieved must be "accompanied by a brief"—now widely known as an *Anders* brief—"referring to anything in the record that might arguably support the appeal." *Id.* A defendant, "[f]urnished with his counsel's *Anders* brief, . . . may then 'raise any points that he chooses' in a *pro se* appellate brief." *United States v. Fleming*, 5 F.4th 189, 192 (2d Cir. 2021) (quoting *Anders*, 386 U.S. at 744). "These steps are necessary, but not sufficient by themselves, to warrant withdrawal." *United States v. 777 Greene Ave.*, 609 F.3d 94, 99 (2d Cir. 2010). Rather, after counsel fulfills these obligations, "the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744.

"We will not grant an *Anders* motion unless we are satisfied that 'counsel

8

has diligently searched the record for any arguably meritorious issue in support of his client's appeal,' and that counsel's characterization of the appeal as 'frivolous is, in fact, legally correct.'" *777 Greene Ave.*, 609 F.3d at 99 (quoting *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993)). We cannot proceed to the final step—an independent judicial assessment of the criminal appeal's merits—"absent a properly prepared *Anders* brief." *United States v. Kosic*, 944 F.3d 448, 451 (2d Cir. 2019) (quoting *Burnett*, 989 F.2d at 104).

## II.    *Gomez-Perez* and the Rise of Appeal Waivers

Appeal waivers require defendants to "for[ego] certain, but not all, possible appellate claims" as part of a plea agreement. *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). Such waivers are generally enforceable if "entered into knowingly and voluntarily," *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir. 1995). *Anders*, decided in 1967, pre-dated the rise of the use of appeal waivers in guilty pleas. *See* Nancy J. King & Michael E. O'Neill, *Appeal Waivers and the Future of Sentencing Policy*, 55 Duke L.J. 209, 219–25 (2005) (discussing the growth in popularity of appeal waivers in the 1990s). While appellate counsel's responsibility in preparing an *Anders* brief is to identify any and all "issues that have at least arguable merit supported by legal authority," *Burnett*, 989 F.2d at 103, the widespread adoption of appeal waivers has substantially narrowed the universe

9

of viable issues for appeal.

In 2000, in light of the "phenomenon" of defendants waiving their appellate rights, the Court set forth specific requirements for *Anders* briefs in appeal-waiver cases. *Gomez-Perez*, 215 F.3d at 318. In *Gomez-Perez*, we held that when the government moves to dismiss an appeal based on an appeal waiver and defense counsel does not have meritorious grounds to oppose the motion, she must file an *Anders* brief addressing the following limited issues:

> (1) [W]hether defendant's plea and waiver of appellate rights were knowing, voluntary, and competent; or (2) whether it would be against the defendant's interest to contest his plea; and (3) any issues implicating a defendant's constitutional or statutory rights that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances.

*Id.* at 319 (citations omitted). Counsel should also "examine both the adequacy of the defendant's waiver and whether the defendant's plea and sentence were in accord with the applicable law." *Id.*

## III. Appeal Waivers Are Narrowly and Strictly Construed

While *Gomez-Perez* remains this Circuit's standard in appeal-waiver cases, we must clarify counsel's requirement to address "any issues . . . that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances." *Id.* First, plea agreements themselves are construed

10

according to contract law principles, "tempered with an awareness of due process concerns for fairness and . . . adequacy" and construed "strictly against the government," which is both the "drafting party" and has an "overwhelmingly superior bargaining position." *United States v. Gottesman*, 122 F.3d 150, 152 (2d Cir. 1997) (quotation marks omitted). It follows that "waivers of appellate rights [in] plea agreements are to be applied narrowly and construed strictly against the [g]overnment." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (quotation marks omitted). Thus, no appeal waiver, even if valid, "serves as an absolute bar to all appellate claims." *Garza*, 139 S. Ct. at 744. Instead, a "valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope." *Id.* (quoting *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014)); *see also id.* (explaining that "some waiver clauses leav[e] many types of claims unwaived").

Under this principle of narrow construction, we have held that a sentencing appeal waiver "can be construed narrowly to cover only challenges to terms of incarceration," *United States v. Burden*, 860 F.3d 45, 54 (2d Cir. 2017) (per curiam), and does not unambiguously bar challenges to restitution orders and terms of supervised release, if the waiver does not so specify. *See, e.g., id.* at 54–55; *United States v. Oladimeji*, 463 F.3d 152, 156–57 (2d Cir. 2006) (finding that defendant's

11

appeal waiver, construed narrowly, did not bar challenges to "the portion of his sentence commanding payment of restitution"). In other words, an appeal waiver that expressly specifies certain aspects of sentencing and their triggering thresholds (such as a term of imprisonment below a set number of months)—but does not reference the other components (such as the term or conditions of supervised release)—introduces ambiguity into the waiver's scope and allows appeals of the unenumerated components. *See Burden*, 860 F.3d at 54 ("[W]hen an appeal waiver is silent regarding a specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to that aspect of the sentence.").

## IV. *Anders* Briefs Must Address All Components of a Sentence Under *Gomez-Perez*

In light of the above, we hold that defense counsel's responsibility to address "any issues . . . that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances," *Gomez-Perez*, 215 F.3d at 319, includes examining the *scope* of an appeal waiver and determining whether there are non-frivolous issues for appeal regarding sentencing components arguably not covered by the waiver. Moreover, when defense counsel determines that an appeal waiver covers only part of a sentence, counsel

must separately address the procedural and substantive reasonableness of the non-covered components. By requiring counsel to discuss these issues in an *Anders* brief, we hope to minimize the filing of *Anders* motions in cases that would otherwise proceed to merits briefing, as well as minimize the need for supplemental *Anders* briefing.

Here, Reyes-Arzate's appeal waiver specifies that he "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 293 months or below," but it is silent regarding all other aspects of his sentence. App'x 16–17. Yet, the *Anders* brief does not address these other components that are *not* unambiguously barred from an appeal, including the term and conditions of his supervised release, his forfeiture order, and the special assessment. Thus, counsel's brief does not meet the requirements articulated by *Anders* and *Gomez-Perez*, and the Court requires supplemental briefing.

## CONCLUSION

Decision on the motions is hereby **DEFERRED**. Counsel must, within 30 days of the date of this opinion, file a supplemental brief that complies with *Gomez-Perez* by addressing whether the non-imprisonment components of the sentence, which are not unambiguously covered by the appeal waiver, present any non-

frivolous issues for appeal. Counsel's supplemental brief may also address any other issues she deems relevant. Alternatively, counsel may, of course, withdraw the *Anders* brief and pursue a merits brief, as counsel deems appropriate. If counsel files a supplemental *Anders* brief, the *Anders* motion and motion to dismiss will be decided by a new panel in the ordinary course.