25-162-cr
*United States v. Baker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-six.

Present:

> GUIDO CALABRESI,
> REENA RAGGI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                  No. 25-162

MARK CHRISTOPHER BAKER,

> *Defendant-Appellant*.

---

For Appellee:                                         MONICA J. RICHARDS, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:                     JAY S. OVSIOVITCH, Federal Public Defender's Office,

Appeal from a judgment filed on January 3, 2025, in the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the action is **REMANDED** for further proceedings consistent with this order.

In 2010, Defendant-Appellant Mark Christopher Baker pleaded guilty to one count of knowingly receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced Baker to 144 months' imprisonment followed by a lifetime term of supervised release. Baker now challenges the terms and conditions imposed on him following his violation of that supervised release.

After Baker was released from prison and commenced his lifetime term of supervised release in 2020, he agreed to several modifications of the terms of his supervised release over the next several years. In late 2024, Baker was charged with violating the terms of his supervised release by viewing pornography on the internet. Baker pleaded guilty to the violation, and the district court sentenced him to four months' imprisonment followed by a lifetime term of supervised release.

On appeal, Baker argues that the district court's reimposition of the lifetime term of supervised release, as well as the imposition of the special condition prohibiting him from viewing online pornography and a special condition that requires him to inform his employer of his conviction and criminal history, was error. We assume the parties' familiarity with the case.

## I. Lifetime Term of Supervised Release

Baker's original 2010 plea agreement included an appellate waiver, in which he waived the right to challenge "any component of [the] sentence imposed by the Court," including the term of supervised release, so long as that sentence was "within or is less than the sentencing range." App'x at 20. Baker's lifetime term of supervised release fell within the Guidelines range for his offense, and he did not appeal the sentence at the time it was imposed. At sentencing on the violation of his supervised release in 2024, the district court reimposed Baker's lifetime term of supervised release. Though Baker did not object to the reimposition of the lifetime term of supervised release at that time, he now argues that the district court's reimposition of that term was both procedurally and substantively unreasonable. Both Baker's procedural and substantive arguments fail.

As an initial matter, assuming Baker did not waive his challenge to the reimposition of the lifetime term of supervised release through the appellate waiver in his 2010 plea agreement,[1] he

---

[1] The government argues that Baker waived his ability to object to that term of supervised release through the appellate waiver in his 2010 plea agreement, which, by its own terms, waived the ability to appeal any term of supervised release, up to a lifetime term, imposed as a part of his original sentence. "It is well-established in this Circuit that . . . supervised release is . . . considered a part of the original sentence." *United States v. Fernandez*, 152 F.4th 124, 131 (2d Cir. 2025) (internal quotation marks omitted); *see also United States v. Reyes-Arzate*, 91 F.4th 616, 618–19 (2d Cir. 2024) (explaining that the "components of [a defendant's] sentence" include "the term . . . of [] supervised release"). Baker counters that because "waivers of appellate rights in plea agreements are to be applied narrowly and construed strictly against the government," Reply Br. at 5 (quoting *Reyes-Arzate*, 91 F.4th at 620 (internal quotation marks omitted)), we should follow the approach our sister circuits who have allowed appeals from revocation sentences where, as here, "[t]here was no specific language in the original plea waiver indicating that [a defendant's] willingness to waive his right to appeal from a sentence entered in accordance with the original plea was also a waiver of his right to appeal from his future supervised release revocation." *Id.* (quoting *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008)); *see also United States v. Porter*, 905 F.3d 1175, 1178–80 (10th Cir. 2018). We need not decide this issue because, even assuming the 2010 waiver does not apply, Baker's challenge fails.

certainly forfeited it by failing to object to the reimposition of that term at sentencing for the violation of supervised release. "[I]ssues not raised in the trial court . . . including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). On plain error review, an appellate court may, in its discretion, correct an error not raised before the district court where the appellant demonstrates that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (quoting *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019)). "To be plain, an error must be clear or obvious, or contrary to law that was clearly established." *United States v. Aybar-Peguero*, 72 F.4th 478, 487 (2d Cir. 2023) (internal quotation marks and citations omitted).

As to procedural error, Baker argues that the district court should have conducted a second analysis under 18 U.S.C. § 3553(c) when it reimposed the original term of supervised release. Typically, 18 U.S.C. § 3553(c) requires a district court "at the time of sentencing [to] state in open court the reasons for its imposition of the particular sentence." But, the term of supervised release was part of the original sentence, *see United States v. Fernandez*, 152 F.4th 124, 131 (2d Cir. 2025), and Baker cites no case law from this Circuit that requires the district court to conduct new analysis under Section 3553(c) when the same term of supervised release is reimposed after a violation of that term, as here. Thus, the district court did not plainly err in failing to do so. *See Aybar-Peguero*, 72 F.4th at 487.

As to substantive error, Baker argues that though his lifetime term of supervised release

4

was within the Sentencing Guidelines range at the time it was imposed, it "is substantively unreasonable because it is disproportionally higher than other terms of supervision imposed on other defendants convicted of possessing child pornography." Appellant's Br. at 19. In support of this argument, Baker notes that the 2025 Amendments to the Sentencing Guidelines "struck the language in § 5D1.2(b) recommending the lifetime term of supervised release" for sex offenses like the one Baker pleaded guilty to, Appellant's Br. at 19–20, and he marshals data that he argues demonstrates that lifetime terms of supervised release are "not regularly imposed," *see id.* at 21–26.

We conclude that Baker has not shown that it is clear and obvious that the sentence imposed here was substantively unreasonable. Of course, that the sentence imposed was within-Guidelines does not automatically mean that it was reasonable. *United States v. Young*, 811 F.3d 592, 599 (2d Cir. 2016) ("We 'do not presume that a Guidelines sentence is necessarily substantively reasonable.'" (quoting *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015)). And we have indicated that a lifetime sentence of supervised release is sufficiently serious that an explanation by the court is generally warranted. *See United States v. Brooks*, 889 F.3d 95, 101–02 (2d Cir. 2018); *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006). That said, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable." *United States v. Davis*, 598 F.3d 10, 16 (2d Cir. 2010) (internal quotation marks omitted)). And here, Baker's arguments that the sentence imposed was substantively unreasonable are not compelling.

First, as to the 2025 Sentencing Guidelines amendment to § 5D1.2(b), Baker cites a proposed amendment that ended the recommendation of a lifetime term of supervised release for

5

crimes like Baker's. *See* Appellant's Br. at 20 (Baker explaining that "[u]nless Congress acts, this amendment to the Guidelines will come into effect"). This amendment, however, was not in effect when Baker was sentenced. It is hard to see how, on a plain error standard, this inapplicable amendment could render Baker's lifetime term of supervised release substantively unreasonable.

Similarly, the data that Baker marshals to show that lifetime terms of supervised release are not regularly imposed does not render Baker's sentence substantively unreasonable. To the contrary, criminal sentences must be based on "individualized assessment[s]." *Gall v. United States*, 552 U.S. 38, 50 (2007). Assuming Baker is correct that the length of sentence he received is rarely meted out, that alone does not demonstrate that the district court's imposition of a lifetime term of supervised release was substantively unreasonable. *See United States v. Lifshitz*, 714 F.3d 146, 149 (2d Cir. 2013) (per curiam) ("As to substantive error, an appellate court should 'set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions.'" (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc))).

Because Baker has not shown that the district court plainly erred in imposing the lifetime term of supervised release or that it was substantively unreasonable, his challenge fails.

## II. Internet Pornography Ban

Baker also challenges the imposition of the special condition that precludes him from viewing pornography on the internet, arguing that the district court failed to provide sufficient reasoning for imposing this condition, that the condition infringes on a significant liberty interest, and that the condition is overbroad. The government responds that this challenge is waived.

6

When "a party actively solicits or agrees to a course of action that he later claims was error," that party has waived the claim of error. *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015). At the revocation hearing, Baker's counsel affirmatively requested "reimposition of supervised release" alongside a sentence of time served, urging the court that "it's been impressed upon [Baker] the severity of use of a computer for viewing pornography." App'x at 51. The fact that the court did not heed Baker's request for a time-served sentence does not allow Baker "to evade the consequences of [his] unsuccessful tactical decision" to solicit actively the reimposition of the computer pornography prohibition. *See United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991). Accordingly, we agree with the government that this challenge was waived.

### III. Employer Notification Condition

Baker also challenges a special condition requiring him to "notify [] his employer of . . . [his] conviction . . . and criminal history." App'x at 56. This condition was imposed for the first time when Baker was sentenced on his violation of supervised release in 2024, and the district court gave no explanation as to the reason for its imposition beyond a nonspecific reference to Baker's "criminal history and offense conduct." *Id.* In the past, this Court has vacated an employer notification condition where "the relationship between the restrictions on [the defendant's] employment and [his] offense and circumstances is not readily apparent." *United States v. Jenkins*, 854 F.3d 181, 195 (2d Cir. 2017). In such circumstances, the employer notification condition "inflicts a greater deprivation on [the defendant's] liberty than is reasonably necessary." *Id.* (internal quotation marks omitted).

In this case, Baker argues that this condition is not reasonably related to his offense of

7

conviction or his work, which has historically been in the food service industry. The government agrees that "[t]here is no information on this record that supports imposition of the condition requiring such special notice to [Baker's] employer" and consents to a limited remand so that the district court may either set forth a statement of reasons for imposing this condition or modify the condition. Gov't Br. at 21–22. In light of the government's consent to remand, we vacate this condition and remand the case so that the district court may either provide a statement of reasons for imposition of this condition or modify the condition. *See United States v. Darrah*, 132 F.4th 643, 654 (2d Cir. 2025) (holding that where the justification for a release condition is not adequately explained by the district court or self-evident in the record, the remedy is to "vacate the condition as imposed and remand to the district court [for it] to determine for itself whether this limitation should be imposed based on appropriate on-the-record findings and, if not, to modify or vacate the condition").

\*        \*        \*

We have considered all of Baker's remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** the judgment in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8