UNITED STATES of America,
Appellee,

v.

Matthew J. HARRISON, Defendant–
Appellant.

No. 04–4725–CR.

United States Court of Appeals,
Second Circuit.

Submitted: Jan. 4, 2005.

Decided: Feb. 3, 2005.

Thomas S. Duszkiewicz, Assistant United States Attorney, Buffalo, NY, for appellee.

Gerald T. Walsh, Esq., Buffalo, NY, for appellant.

Before: WINTER, SOTOMAYOR and B.D. PARKER, Circuit Judges.

PER CURIAM.

In July 2001, Harrison was indicted under 21 U.S.C. § 846 with eleven co-defendants for conspiring to distribute marijuana. After Harrison pleaded not guilty to the charge, the district court assigned him counsel and released him on $5,000 bond with certain conditions of release. After Harrison violated the conditions of his release on three separate occasions, the magistrate judge revoked his bail and ordered him detained. Harrison then filed three separate motions for reconsideration of his bail revocation and detention, pursuant to 18 U.S.C. § 3145, which the magistrate judge denied. Harrison did not ask the district court judge to review the magistrate judge's detention order or order denying reconsideration.

In August 2004, Harrison filed a notice of appeal from the magistrate judge's detention order. The Government now moves this Court to dismiss Harrison's appeal, arguing that we lack appellate jurisdiction to review a magistrate judge's order of detention under § 3145 absent review of that order by the district court.

The Bail Reform Act of 1984 provides that any "judicial officer" may order the detention or release of a defendant pending trial, *see* 18 U.S.C. § 3142, and § 3145 of the Act contains procedures for the review and appeal of such orders. Section 3145(a) provides that if a magistrate judge orders a defendant released, the Government may file a motion for revocation of the order with "the court having original jurisdiction over the offense." Section 3145(b) of the Act provides, in the same language as § 3145(a), that if a magistrate judge orders a defendant detained, the defendant may then file a motion for revocation of the order with "the court having original jurisdiction over the offense." Appeals from § 3145 orders relating to release or detention are "governed by the provisions of section 1291 of title 28," which states that "[t]he courts of appeals ... shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States." 18 U.S.C. § 3145(c); 28 U.S.C. § 1291 (emphasis added).

 As our case law and the plain language of the relevant statutes make clear, a district court's order pertaining to detention or release under § 3145 "qualifies as a final order that may be appealed directly to this court." *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004); *see* 18 U.S.C. § 3145(c). A magistrate judge's ruling on a § 3145 motion, however, is not "final" for purposes of § 1291 because it is subject to review by the district court judge overseeing the case. *See* 28 U.S.C. § 3145(a), (b); *see also United States v. El Edwy*, 272 F.3d 149, 152, 153–54 (2d Cir.2001). Indeed, in some cases there exists a possibility that a § 3145 order issued by a magistrate judge will be revoked by an unrelated district court in an entirely different part of the country in which the precedent of this Court does not even apply. *See id.* at 151–

52; *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir.1995). This confirms what the plain text of the relevant statutes already makes clear: that a magistrate judge's ruling on detention under § 3145 is not "final" for purposes of appellate review. *See also* Charles Alan Wright, et al., Federal Practice and Procedure, § 3918.2 (1992) ("Because § 3145(c) provides that appeal from a release or detention order is governed by § 1291, which authorizes appeals only from final decisions of the district courts, an order entered by someone other than the district judge must be reviewed by the district judge before appeal can be taken to the court of appeals."). Accordingly, we grant the government's motion for dismissal of the appeal for lack of jurisdiction.