25-206-cr
*United States v. Mercado*

# United States Court of Appeals
## for the Second Circuit

_____

August Term 2024

(Argued:  June 24, 2025   Decided:  August 25, 2025)

No. 25-206-cr

_____

UNITED STATES OF AMERICA,

*Appellant*,

v.

LUIS FERNANDEZ, AKA LOU, AKA LUIS FERNANDO FERNANDEZ, FERNANDO FERNANDEZ-GARZA, AKA JUAN CARLOS GARZA, AKA DON FERNANDO, RAMON BARRAZA HERAS, AKA DIOSITO, LAWRENCE CHAMBERS, ERIC COLON, CHAZ DASILVA, JESUS FERNANDEZ, AKA GUATE, AKA GUERRO, RICARDO FERNANDEZ, AKA PEPE, SANDI FERNANDEZ, JULIO CESAR DE LA ROSA, AKA NEGRO, ONEL LNU, RAMON GALVEZ, AKA TANKY, EVANGELINA GARZA, MICHAEL HAYNES, ALBERTO HERNANDEZ, CHARLES KELLEY, BOLIVAR NERIS-RECIO, AKA PABLO, AKA TIGRE, KAREN ORTEGA, JOSE RIVERA-BARON, AKA MEXICO, AKA CHYKS, JOSE DEJESUS RIVERA, AKA CHUY, ARMANDO RUELAS-RANGEL, JOSHUA SAEZ, THOMAS SANCHEZ,

*Defendants*,

1

CARLOS MERCADO, AKA LOS,

*Defendant-Appellee.*\*

_____

Before:           BIANCO, LEE, and NATHAN, *Circuit Judges*.

The government appeals from an amended order, entered on January 24, 2025, by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), denying its motion to detain Defendant-Appellee Carlos Mercado pending revocation proceedings for an alleged violation of the terms of his supervised release. In doing so, the district court explained that under the Non-Detention Act, 18 U.S.C. § 4001(a), Mercado, as a United States citizen, could be detained pending revocation proceedings only if his detention was authorized by statute, and it found there was no such statutory authority. Thus, the district court concluded that it was not authorized to detain Mercado pending the adjudication of his alleged supervised release violation.

On appeal, the government contends that the district court erred in denying its detention motion because, among other reasons, the detention of a supervisee alleged to have committed a supervised release violation pending revocation proceedings is authorized by statute, namely, 18 U.S.C. § 3143(a)(1). Separately, in response to Mercado's motion to dismiss the appeal for lack of jurisdiction, the government asserts that we have jurisdiction to hear this appeal under, among other provisions, 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

As an initial matter, we conclude that we have jurisdiction to hear this appeal because an order related to detention or release, under Section 3145(c), constitutes a final order under Section 1291 that can be appealed to this Court. We further hold that a district court has the authority to detain a supervisee charged with a supervised release violation pending revocation proceedings. In particular, we hold that Section 3143(a)(1) authorizes such detention because a supervisee was found "guilty of an offense" when he was originally convicted and, with the

---

\* The Clerk of Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this opinion.

initiation of revocation proceedings, is "awaiting . . . execution" of a portion of his sentence for that conviction. 18 U.S.C. § 3143(a)(1). Therefore, because the district court erred in determining that it lacked the authority to detain Mercado pending his revocation proceedings, the district court shall determine on remand whether such detention is warranted in this case pursuant to Section 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6).

Accordingly, Mercado's motion to dismiss for lack of jurisdiction is **DENIED**, and we **VACATE** the amended order of the district court and **REMAND** for further proceedings consistent with this opinion.

> FOR APPELLANT: EDWARD CHANG, Assistant United States Attorney (Conor M. Reardon and Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, Connecticut.
>
> FOR DEFENDANT-APPELLEE: ANNE E. SILVER, Assistant Federal Defender (Kelly M. Barrett, First Assistant Federal Defender, Carly Levenson and John J. Stickney, Assistant Federal Defenders, Robert H. Hendricks, and Ibrahim Diallo, *on the brief*), *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, Connecticut.

JOSEPH F. BIANCO, *Circuit Judge*:

The government appeals from an amended order, entered on January 24, 2025, by the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), denying its motion to detain Defendant-Appellee Carlos Mercado pending revocation proceedings for an alleged violation of the terms of his supervised release. In doing so, the district court explained that under the

3

Non-Detention Act, 18 U.S.C. § 4001(a), Mercado, as a United States citizen, could be detained pending revocation proceedings only if his detention was authorized by statute, and it found there was no such statutory authority. Thus, the district court concluded that it was not authorized to detain Mercado pending the adjudication of his alleged supervised release violation.

On appeal, the government contends that the district court erred in denying its detention motion because, among other reasons, the detention of a supervisee alleged to have committed a supervised release violation pending revocation proceedings is authorized by statute, namely, 18 U.S.C. § 3143(a)(1). Separately, in response to Mercado's motion to dismiss the appeal for lack of jurisdiction, the government asserts that we have jurisdiction to hear this appeal under, among other provisions, 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

As an initial matter, we conclude that we have jurisdiction to hear this appeal because an order related to detention or release, under Section 3145(c), constitutes a final order under Section 1291 that can be appealed to this Court. We further hold that a district court has the authority to detain a supervisee charged with a supervised release violation pending revocation proceedings. In particular, we hold that Section 3143(a)(1) authorizes such detention because a supervisee

4

was found "guilty of an offense" when he was originally convicted and, with the initiation of revocation proceedings, is "awaiting . . . execution" of a portion of his sentence for that conviction. 18 U.S.C. § 3143(a)(1). Therefore, because the district court erred in determining that it lacked the authority to detain Mercado pending his revocation proceedings, the district court shall determine on remand whether such detention is warranted in this case pursuant to Section 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6).

Accordingly, Mercado's motion to dismiss for lack of jurisdiction is **DENIED**, and we **VACATE** the amended order of the district court and **REMAND** for further proceedings consistent with this opinion.

## BACKGROUND

On October 1, 2013, Mercado was charged in a superseding indictment with two counts of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(B)(i), and 846. These charges arose from an alleged conspiracy in which Mercado sourced large quantities of heroin from his co-defendants and then distributed those narcotics in the Hartford, Connecticut area. Mercado proceeded to trial; however, on November 7, 2014, after a jury had been selected, he pled guilty to both counts

without a plea agreement. On July 10, 2015, the district court sentenced Mercado to a term of 120 months' imprisonment, to be followed by five years of supervised release. As part of the sentence, the district court also imposed standard, mandatory, and special conditions of supervised release, including, as relevant to this appeal, the mandatory condition that Mercado not "commit another federal, state or local offense." Dist. Ct. Dkt. No. 767 at 4.

After completing his term of imprisonment, Mercado began serving his term of supervised release in June 2021. On November 22, 2024, the United States Probation Office (the "Probation Office") filed a petition in the District of Connecticut seeking the issuance of a summons for a violation hearing. The petition alleged that Mercado had violated the terms of his supervised release by violating the mandatory condition imposed at sentencing that he not commit another federal, state, or local offense. More specifically, the Probation Office alleged that, on November 20, 2024, Mercado was arrested by the Hartford Police Department after, pursuant to a search warrant, officers seized various narcotics found both in a bag Mercado dropped and in his car, as well as over $3,000 in cash found on Mercado's person. Mercado was charged under Connecticut state law with two misdemeanor and two felony drug offenses and was later released on

6

bail after he posted a $10,000 bond.  On December 2, 2024, the district court issued the summons for the alleged supervised release violation, and, three days later, the government filed a motion to detain Mercado pending revocation proceedings, pursuant to 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 32.1(a)(6).

The district court held an initial appearance on December 19, 2024.  At that proceeding, the district court *sua sponte* questioned whether it had the authority to grant the government's motion for detention.  It explained that the Non-Detention Act, 18 U.S.C. § 4001(a), prohibits the detention of a United States citizen, such as Mercado, unless detention is authorized by statute, and the district court suggested that the provisions cited by the government in its motion did not confer that authority.[1]  In particular, the district court observed that "the plain text of section 3143 does not appear to apply to supervisees charged with violating a condition of supervised release, and that procedural rules, including Federal Rule of Criminal Procedure 32.1, do not provide the required statutory authority to detain a person." *United States v. Mercado*, 774 F. Supp. 3d 446, 448 (D. Conn. 2025). The district court then deferred ruling on the motion and requested briefing from

---

[1]  18 U.S.C. § 4001(a) states that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."

the parties on "whether the [district] court has the authority to detain a person charged with violating a condition of supervised release." *Id.* at 448–49.

After the parties submitted briefing, the district court denied the government's motion. It concluded that it did not have the authority to detain Mercado because it determined that the provisions upon which the government relied, including Section 3143(a), did not authorize such detention, as required by the Non-Detention Act.[2] *Id.* at 449. In doing so, the district court determined that a supervisee, like Mercado, who is alleged to have committed a violation and is awaiting revocation proceedings does not satisfy either of Section 3143's requirements for detention—that is, such a supervisee (i) has not been "found guilty of an offense," and (ii) is not "awaiting imposition or execution" of a federal sentence. *Id.* at 450, 454 (quoting 18 U.S.C. § 3143(a)(1)).

As for the first requirement, whether Mercado is guilty of an offense, the district court reasoned that the relevant offense was the new conduct that gave rise

---

[2] In its briefing before the district court and again on appeal, the government asserted that 18 U.S.C. § 3583(e)(3) and Rule 32.1 also authorize detention of a supervisee pending revocation proceedings. However, as explained further below, because we conclude that Section 3143(a)(1) provides a sufficient, independent statutory basis for detention pending supervised release proceedings, we need not address whether Section 3583(e)(3) or Rule 32.1 also provides that authority.

8

to the charged supervised release violation (here, the state drug charges), for which Mercado had not yet been adjudicated guilty. Moreover, the district court explained that the relevant offense could not be the original conviction because that "would rely on a theory that Mercado could be punished a second time for the same conviction." *Id.* at 451. In other words, because Mercado had already served his term of imprisonment for his original conviction, "[a]ny such after-imposed, additional term of imprisonment, if treated as punishment for the original offense, would violate the constitutional guarantee against double jeopardy." *Id.* In sum, the district court determined that Section 3143 only authorized the detention of Mercado "if he were found guilty of a *new* offense," *id.* at 452 (internal quotation marks and citation omitted), and "because Mercado ha[d] not been found guilty of the supervised release violation, the statute simply d[id] not apply," *id.* at 450.

The district court then determined that, even assuming *arguendo* Mercado was guilty of an offense, he still did not satisfy Section 3143(a)(1)'s second requirement that he be awaiting the imposition or execution of a sentence because "[t]he proceedings to determine whether Mercado violated his supervised release are not themselves a sentence subject to execution." *Id.* at 452. The district court

9

reasoned that the imposition of a sentence occurs "[o]nly after a criminal defendant has been convicted or has pled guilty," and "only after [the] imposition of [a] sentence can the defendant await the execution of the sentence." *Id.* (emphasis omitted). Accordingly, the district court explained that, given Mercado has already had a sentence imposed and has begun execution of that sentence by completing a term of imprisonment and serving a term of supervised release, "[h]e logically cannot be 'awaiting execution of a sentence'" that he has already served, or is already serving. *Id.* at 453 (alterations adopted) (emphasis and citation omitted). The district court also rejected the government's argument that, because the penalties associated with a supervised release violation are a part of the original sentence, a supervisee alleged to have committed such a violation is considered to be awaiting further execution of that original sentence. In doing so, the district court noted that no term of imprisonment for any supervised release violation had been imposed on Mercado at the time of his initial sentence, and thus, if he was awaiting execution of a portion of the sentence based on "future events that had not yet occurred," that sentence would not become final at the time of sentencing, contrary to established precedent. *Id.* Therefore, the district court

10

concluded that Mercado was not awaiting imposition or execution of a sentence under Section 3143(a)(1).

This appeal followed.

## DISCUSSION

### I. Jurisdiction

As an initial matter, while this appeal was pending, Mercado filed with this Court a motion to dismiss for lack of appellate jurisdiction under, among other provisions, 28 U.S.C. § 1291.[3]  Mercado argued that, although "[Section] 1291 permits the government to appeal adverse decisions in violation of supervised release proceedings," such an appeal is appropriate "only after the [district] court enters a final judgment."  App. Ct. Dkt. No. 20.2 at 11.  Mercado further contended that the district court had not entered a final judgment because there had been no decision as to whether he violated the terms of his supervised release.  A prior panel of this Court deferred decision on Mercado's motion until such time as the merits of the case were ready to be decided, and we further deferred ruling

---

[3] The parties also dispute whether 18 U.S.C. § 3731 confers jurisdiction for this appeal. However, we need not resolve this issue because, as we explain below, we conclude that there is jurisdiction under Section 1291.

pending oral argument. We now find Mercado's jurisdictional arguments unavailing.

An appeal from an order denying a motion for detention is "governed by the provisions of [28 U.S.C. § 1291]." 18 U.S.C. § 3145(c). An order denying a motion for detention in the context of a revocation of supervised release proceeding constitutes a "release order" as contemplated under Section 3145. *See* Fed. R. Crim. P. 32.1(a)(6) (explaining that, during an initial appearance, whether for a defendant appearing by summons or already in custody, the court "may release or detain the person under 18 U.S.C. § 3143(a)(1)"). In turn, Section 1291, states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Based on the plain language of these statutes, we have held that "a district court's order pertaining to detention or release under [Section] 3145 qualifies as a final order that may be appealed directly to this court." *United States v. Harrison*, 396 F.3d 1280, 1281 (2d Cir. 2005) (per curiam) (internal quotation marks and citation omitted); *see also United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).

Here, because the district court's decision to deny the government's motion for detention constitutes an order "pertaining to detention or release," it is a "final

order" for purposes of Section 1291. *Harrison*, 396 F.3d at 1281; *see also United States v. Peterson*, 394 F.3d 98, 102–05 (2d Cir. 2005) (concluding that a decision dismissing the government's petition for a hearing regarding a probation violation was appealable under Section 1291 as a collateral order). Accordingly, we conclude that we have jurisdiction over the government's appeal.

## II. Authority to Detain a Defendant Pending Revocation Proceedings

The district court's decision to deny the government's motion for detention is a matter of statutory interpretation that this Court reviews *de novo*. *See United States v. Sullivan*, 118 F.4th 170, 199 (2d Cir. 2024).

The government contends that the district court erred in concluding that there was no statutory provision, as required under the Non-Detention Act for U.S. citizens, that granted it the authority to detain Mercado pending revocation proceedings for allegedly violating the terms of his supervised release. In particular, the government asserts that Section 3143(a)(1) authorizes detention in this circumstance because, consistent with the plain language of that statute, the defendant was "found guilty of an offense" when he was originally convicted of the federal drug charges and is now "awaiting . . . execution" of a component of the original sentence associated with that conviction. 18 U.S.C. § 3143(a)(1).

In opposition, Mercado asserts that Section 3143(a)(1) "does not apply to supervised release" at all. Appellee's Br. at 27. First, he argues that the relevant "offense" cannot be the original conviction because that would punish a defendant twice for the same offense, in violation of the Double Jeopardy Clause, and contradict the nature and purpose of supervised release. Second, he asserts that a defendant accused of a supervised release violation is not "awaiting execution" of his original sentence because that would mean that "every supervisee is always 'awaiting execution' of a sentence at every point throughout their supervision," and thus, that Section 3143(a)(1) would authorize the detention of supervisees even in the absence of an alleged violation. Appellee's Br. at 30.

For the reasons set forth below, we agree with the government that the district court erred in determining that it lacked the authority to detain Mercado during the pendency of his revocation proceeding.[4]

---

[4] The parties dispute whether the Non-Detention Act applies to judicial, as opposed to executive, detentions, and whether it requires that a statute authorize detention by a clear statement. However, we need not address these issues because, even assuming *arguendo* that the Non-Detention Act applies to judicial detentions and requires that a statute contain a clear statement authorizing detention, we conclude that the plain language of Section 3143(a) provides a district court with the clear authority to detain a supervisee pending revocation proceedings.

14

**A. Overview of Supervised Release**

We begin with an overview of supervised release. In 1984, as part of the Sentencing Reform Act, Congress implemented the current system of supervised release to "ease the defendant's transition into the community" and "provide rehabilitation to a defendant who . . . still needs supervision and training programs after release." *Johnson v. United States*, 529 U.S. 694, 709 (2000) (internal quotation marks and citation omitted). In furtherance of these purposes, a district court now may (or must, if certain statutory requirements apply) impose at the time of sentencing a post-imprisonment term of supervised release as an additional component of the sentence. *See* 18 U.S.C. § 3583(a) ("The court . . . may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release if such a term is required by statute." (emphases added)); *see also United States v. Sims*, 92 F.4th 115, 119–20 (2d Cir. 2024) ("Courts impose terms of supervised release in nearly every federal sentence, despite being required to do so only in certain limited circumstances.").

15

A defendant must comply with certain conditions set by the district court as part of the term of supervised release, which can include, *inter alia*, conditions that are statutorily required, such as that the defendant not commit another federal, state, or local crime during the term of supervision. *See* 18 U.S.C. § 3583(d). If there is probable cause that a defendant has violated a condition of his supervised release, the defendant may be compelled to appear before the district court. *See* 18 U.S.C. § 3606 ("If there is probable cause to believe that . . . a person on supervised release has violated a condition of his . . . release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him."). A violation of an imposed condition could result in the revocation of a defendant's term of supervised release and require that the defendant "serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." *See* 18 U.S.C. § 3583(e)(3).

Federal Rule of Criminal Procedure 32.1 provides additional procedures relevant to the revocation of supervised release. *See generally* Fed. R. Crim. P. 32.1; *see also* Fed. R. Crim. P. 46(d) ("Rule 32.1(a)(6) governs release pending a hearing on a violation of . . . supervised release."). Among these procedures, Rule 32.1

16

provides that the district court "may release or detain [a defendant on supervised release] under 18 U.S.C. § 3143(a)(1) pending further proceedings."  Fed. R. Crim. P. 32.1(a)(6).  Section 3143(a)(1), in turn, authorizes detention of a defendant "who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. § 3143(a)(1).[5]

It is well-established in this Circuit that, although supervised release is a separate, non-carceral period that begins after a defendant completes a term of imprisonment, this portion of the sentence and any related revocation procedures, and the penalties that may result from those procedures, are considered a part of

---

[5]  We note that 18 U.S.C. § 3143(a)(2), which enumerates the requirements for release pending sentence of a defendant convicted of certain particularly serious crimes described in 18 U.S.C. § 3142(f)(1), does not apply to supervised release proceedings. Section 3583(e)(3) provides that a court may revoke a term of supervised release "pursuant to the Federal Rules of Criminal Procedure applicable."  18 U.S.C. § 3583(e)(3). As we explained above, the relevant rule here—Rule 32.1—only incorporates Section 3143(a)(1). *See* Fed. R. Crim. P. 32.1(a)(6); *see also* Fed. R. Crim. P. 32.1 advisory committee note to 2010 amendment ("[O]nly subsection 3143(a)(1) is applicable in [the supervised release] context.").  Moreover, Section 3143(a)(2)'s requirement that a defendant convicted of certain serious offenses be released pending sentence only if the court finds that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" is clearly inapposite to the supervised release context, which would involve no trial.  18 U.S.C. § 3143(a)(2)(A).

17

the original sentence, meaning supervised release is "authorized by the original conviction, and so too are the consequences of its violation." *United States v. Peguero*, 34 F.4th 143, 160 (2d Cir. 2022) (internal quotation marks and citations omitted); *see United States v. Haymond*, 588 U.S. 634, 648 (2019) ("[A]n accused's final sentence includes any supervised release sentence he may receive."); *United States v. Reyes-Arzate*, 91 F.4th 616, 618–19 (2d Cir. 2024) (recognizing that "the term and conditions of [a defendant's] supervised release" are "components of [his] sentence"). Stated otherwise, because "supervised release punishments arise from and are 'treated as part of the penalty for the initial offense,'" the decision to revoke or sustain that release "constitutes a part of the final sentence for [the defendant's] crime." *Haymond*, 588 U.S. at 648 (alterations adopted) (quoting *Johnson*, 529 U.S. at 700). Therefore, when a defendant is sentenced for his original conviction, "the maximum term of imprisonment that the defendant can face . . . is the maximum term of imprisonment for the underlying crime *plus* the maximum term of his supervised release authorized by statute for the underlying offense, if he violates any conditions of release." *Peguero*, 34 F.4th at 160.

Given that it is a component of a defendant's original sentence, "[s]upervised release is 'a form of postconfinement monitoring' that permits a

18

defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019) (quoting *Johnson*, 529 U.S. at 697). Any sanctions, then, that result from a violation of the conditions of supervised release are "considered sanctions for the defendant's breach of trust . . . not for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct." *Haymond*, 588 U.S at 658 (Breyer, *J.*, concurring) (internal quotation marks and citation omitted); *see United States v. Ramos*, 979 F.3d 994, 1001 (2d Cir. 2020) ("[T]he very purpose of a supervised release revocation hearing is to determine the gravity of the breach of trust committed by the defendant in the context of the conditional liberty he was granted following his conviction of the underlying offense[]." (alterations, internal quotation marks, and citation omitted)); *see also Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025) ("In the context of a revocation hearing, the 'offense' is the underlying crime of conviction, not the violation of the supervised-release conditions.").

Accordingly, because the term of supervised release (and its attendant procedures) is a part of a defendant's original sentence, and the consequences of violating the terms of supervised release authorized by that sentence are not

punishment for additional criminal conduct, but rather a sanction for breaching

the trust that justified the defendant's conditional liberty, revocation proceedings

to adjudicate the alleged violation of the conditions of supervised release are not

a new criminal prosecution. *See Peguero*, 34 F.4th at 161; *Johnson*, 529 U.S. at 700–

01 (explaining that "postrevocation penalties relate to the original offense").

Instead, these proceedings, and any resulting penalties, "merely complete[] the

original sentence imposed." *Peguero*, 34 F.4th at 161.

## B. Section 3143(a)(1) Authorizes Detention of a Defendant Pending Revocation Proceedings

Within this statutory framework for supervised release, we conclude that

Section 3143(a)(1) authorizes the detention of a defendant alleged to have violated

the terms of his supervised release pending revocation proceedings.[6] As set forth

---

[6] Although we are the first circuit court to address a challenge under the Non-Detention Act to a district court's authority to detain a supervisee pending a revocation proceeding, our holding is consistent with prior decisions of this Court (albeit non-binding summary orders) and other circuit courts that have assumed the propriety of such authority. *See, e.g.*, *United States v. Grady*, 818 F. App'x 86, 88 (2d Cir. 2020) (summary order) (noting that, "pending [revocation] proceedings," a judge may "detain [a supervisee] under 18 U.S.C. § 3143(a)(1)" (internal quotation marks and citation omitted)); *United States v. Browder*, 807 F. App'x 44, 47 (2d Cir. 2020) (summary order) (rejecting defendant's due process challenge to "detention during the pendency of his revocation proceeding"); *see also United States v. Wroblewski*, 816 F.3d 1021, 1024 (8th Cir. 2016) (explaining that a defendant charged with a supervised release violation may be "release[d] or detain[ed] . . . under 18 U.S.C. § 3143(a)(1) . . . pending further proceedings"); *United States v. Goode*, 487 F. App'x 813, 813 (4th Cir. 2012) (summary order) (affirming the district court's order detaining a

below, such detention is authorized by the plain meaning of the terms within that statutory provision, which mandate detention of a defendant *"who has been found guilty of an offense* and *who is awaiting imposition or execution of sentence . . .* unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1) (emphases added).

(1) "Found Guilty of an Offense"

A defendant awaiting revocation proceedings has been "found guilty of an offense" under Section 3143(a)(1). Our precedent makes clear that the statute's reference to "offense" is to a defendant's original conviction. As we explained above, the term of supervised release, and any related revocation proceedings, are not a part of a new criminal prosecution. *See Peguero*, 34 F.4th at 161. Instead, "supervised release is imposed as part and parcel of the original sentence," *id.*, and is "[t]reat[ed] . . . as part of the penalty for the initial offense," *Johnson*, 529 U.S. at 700. It therefore follows that a defendant alleged to have violated the terms of his

---

supervisee pending a revocation hearing); *United States v. Parrish*, No. 24-2069, 2025 WL 572384, at *1 (3d Cir. Feb. 21, 2025) (summary order) (same).

21

supervised release has been found guilty of an offense, namely, the conduct giving rise to the original conviction.  *See Peguero*, 34 F.4th at 161.

Mercado's arguments to the contrary are unavailing.  He asserts that basing the alleged supervised release violation on the original conviction would constitute a second punishment for the same offense in violation of the Double Jeopardy Clause.  That argument, however, is foreclosed by binding precedent.

We have repeatedly held that supervised release, its consequences, including revocation, and its related procedures are constitutional.  *Id.* at 157 (collecting cases).  In doing so, we have explained that, because supervised release does not give rise to a new criminal prosecution, "defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy."  *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *see Peguero*, 34 F.4th at 157 (identifying "certain constitutional protections, such as the right to a grand jury indictment for a felony offense, the right to hold the government to a burden of proof beyond a reasonable doubt, the right to confront adverse witnesses, and the right to a jury trial" as protections that "do not attach to supervised release hearings in the same way that they do to criminal prosecutions").  Indeed, we have specifically held that

22

protections against double jeopardy are among the constitutional protections that do not apply in the context of supervised release proceedings. *See United States v. Vargas*, 564 F.3d 618, 624 (2d Cir. 2009) (concluding that a defendant "cannot assert a double jeopardy claim based on [a] revocation proceeding and judgment because jeopardy does not attach during supervised release revocation proceedings"); *United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997) (explaining that no double jeopardy violation would occur where a defendant's supervised release was revoked for violating a special condition prohibiting conduct similar to that for which the defendant was convicted); *United States v. Meeks*, 25 F.3d 1117, 1122 (2d Cir. 1994) (concluding that a "defendant may be both punished for [a] supervised-release violation and prosecuted criminally for the same conduct without implicating principles of double jeopardy"); *see also Johnson*, 529 U.S. at 700 (explaining that sanctions for violating the terms of supervised release do not implicate the Double Jeopardy Clause). In other words, interpreting "offense" in Section 3143(a)(1) as the original conviction does not raise double jeopardy concerns because any consequences that flow from a violation of supervised release are not additional punishments for the underlying conviction. Instead, those consequences are sanctions for the "breach of trust" that occurs when the

23

defendant does not comply with the terms of supervised release that were imposed as part of his original sentence. *Haymond*, 588 U.S at 658 (Breyer, *J.*, concurring); *see also Ramos*, 979 F.3d at 1001.

Mercado further argues that considering supervised release as part of the original conviction, and thus making that conviction the relevant "offense" for purposes of Section 3143(a)(1), misconstrues the nature and purpose of supervised release. He contends that "supervised release is not an alternative to incarceration, . . . but rather a separate and additional period of monitoring concerned with facilitating the reintegration of the defendant into the community after a full term of imprisonment." Appellee's Br. at 36–37 (internal quotation marks and citation omitted). This argument, however, is also squarely foreclosed by binding precedent. As explained above, this Court and the Supreme Court have made clear that supervised release is a component of the original sentence, even if it is primarily meant to serve rehabilitative, rather than punitive, goals. *Peguero*, 34 F.4th at 160; *see Haymond*, 588 U.S at 648; *Amer*, 110 F.3d at 884 (explaining that supervised release is "part of the whole matrix of punishment

24

which arises out of a defendant's original crime" (internal quotation marks and citation omitted)).

(2) "Awaiting . . . Execution" of a Sentence

A defendant who has allegedly violated the terms of his supervised release is also "awaiting . . . execution" of his sentence under Section 3143(a)(1). As we explained above, a defendant's sentence comprises the initial term of imprisonment, the term of supervised release, and the "consequences of its violation," which can include proceedings to revoke that supervised release term, as well as the imposition of an additional term of imprisonment. *Peguero*, 34 F.4th at 160 (internal quotation marks and citation omitted). When a defendant has been charged with violating the terms of his supervised release, the defendant is then awaiting execution of the portion of his original sentence that allows for the imposition of consequences for violating the terms of supervised release, including revocation, after the application of the relevant procedures found in Section 3583 and Rule 32.1. Viewed then in the context of the entire sentence, when a defendant has been charged with a supervised release violation, the initial carceral component of the sentence has been executed, the term of supervised release is

25

being executed, and any consequences for the violation, including the initiation of revocation proceedings, are awaiting execution.

Mercado argues that this interpretation leads to untenable results because a defendant would then always be awaiting execution of a sentence for the entirety of his term of supervised release, and thus, Section 3143(a)(1) would authorize the detention of supervisees even in the absence of an alleged violation. We are unpersuaded. Supervised release is a conditional component of the sentence— that is, it allows a defendant to serve a portion of his sentence outside prison so long as he complies with certain conditions imposed as part of the term of supervised release. *See Mont*, 587 U.S. at 523 (describing supervised release as a form of "conditional liberty"). Should the defendant comply with those conditions, no additional components of the defendant's sentence need to be executed. However, once a petition is filed charging the defendant with a violation, he must await execution of the portion of his sentence that authorizes

proceedings to determine whether revocation or other consequences are appropriate.[7]

In sum, we hold that Section 3143(a)(1) authorizes detention of a defendant charged with a supervised release violation pending revocation proceedings. In so doing, we conclude that, pursuant to Section 3143(a)(1), such a defendant has been "found guilty of an offense" based on his underlying conviction and is "awaiting . . . execution" of the portion of his sentence that authorizes proceedings to determine potential sanctions for violating the terms of supervised release. Here, Mercado's 2014 federal convictions mean that he has been "found guilty of an offense," and, because he has been charged with a supervised release violation, he is now "awaiting . . . execution" of the revocation proceedings, which are

---

[7] Our conclusion on this issue does not contradict long-standing precedent that a criminal conviction becomes final with the "judgment of conviction and the *imposition* of a sentence." *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 54 (1989) (emphasis added); *see Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). "In criminal cases . . . the judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce *by execution* what has been determined." *Berman*, 302 U.S. at 212–13 (emphasis added) (internal quotation marks and citation omitted); *see also United States v. Albers*, 115 F.2d 833, 834 (2d Cir. 1940) ("If sentence is imposed but execution thereof suspended, there is a final judgment . . . . But if imposition of sentence is suspended, no final judgment is entered; hence no appeal is possible." (citation omitted)). Put differently, finality springs from the imposition of a sentence, not from its execution. Thus, consistent with our precedent, a conviction can be final even if a defendant is later "awaiting . . . execution" of some portion of the imposed sentence.

themselves a component of his original sentence. Accordingly, the district court erred in concluding that it did not have the authority to detain Mercado under Section 3143(a) pending his revocation proceedings, and the district court shall determine on remand whether such detention is warranted in this case pursuant to Section 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6).

## CONCLUSION

For the foregoing reasons, Mercado's motion to dismiss for lack of jurisdiction is **DENIED**, and we **VACATE** the amended order of the district court and **REMAND** for further proceedings consistent with this opinion.